## WAINSCOTT *v.* SMITH.

AUCTION SALE.—*Right to Possession of Property.—Tender.—Promissory Note.*—Where a chattel is offered for sale at a public auction, on a credit of six months, the purchaser being required to execute his promissory note with good security, drawing interest at six per cent. from date, and such chattel is bid off at a certain price, the purchaser is not entitled to the possession thereof until he tenders to the owner such a note as the terms of the sale require, or a sum of money equal to the principal and interest which would be due upon the note at maturity.

From the Switzerland Circuit Court.

*J. A. Works, J. D. Works* and *J. A. Works, Jr.,* for appellant.

*W. D. Ward* and *T. Livings,* for appellee.

NIBLACK, J.—John C. Wainscott sued Richard H. Smith in an action of replevin, before a justice of the peace.

The complaint was for the recovery of the possession of a black mare, which it was averred the defendant unlawfully detained. The mare was not found and the action was prosecuted for the recovery of her value, for which judgment was obtained before the justice.

On an appeal to the circuit court, there was a verdict and judgment for the defendant.

Error is only assigned upon such questions as arose upon the plaintiff's unsuccessful motion for a new trial.

The evidence showed that at a public sale of property at Moorefield, in this State, in March, 1875, the defendant caused the mare in controversy to be offered for sale at public auction, on a credit of six months, the purchaser being required to execute his note, with good security, drawing interest at six per cent. from date; that the plaintiff bid twenty-five dollars for the mare, and she was struck off to him for that sum; that, while the auctioneer was crying the plaintiff's bid, the defendant was riding the mare around immediately in front of the auctioneer; that about, or immediately after, the time at which the mare was

struck off to the plaintiff, the defendant rode the mare away in the direction of the gate of the enclosure in which the sale was held; that the plaintiff immediately demanded the mare of the auctioneer, and also called to the defendant likewise, demanding her of him, the defendant refusing to heed the demand; that thereupon the plaintiff got upon his horse and followed the defendant, overtaking him upon the road, and again demanding the mare; that, two days afterward, the plaintiff tendered to the defendant the sum of twenty-five dollars, and again demanded the mare, but as before without success.

There was also evidence tending to show that, after the plaintiff bid for the mare, the plaintiff told the auctioneer, within hearing distance of the plaintiff, not to cry the bid, and that he would take the mare out, but as to that there was a sharp conflict between some of the witnesses.

The court, on its own motion, instructed the jury as follows:

" This is an action of replevin brought to recover the possession of a certain mare, which the plaintiff claims he bought, and was unlawfully detained from him by the defendant at the time of the bringing of the action. The constable failed to find the property, as the return to the writ shows. Therefore, if the plaintiff is entitled to recover at all, he is entitled to recover the value of the mare, as proven by the evidence.

" The plaintiff claims title to the mare by virtue of a purchase at an auction sale. If the defendant put the mare up to be sold to the highest bidder, but, before she was sold by the auctioneer, the defendant informed the auctioneer that he would withdraw her from sale, and the auctioneer heard what was said, this was a revocation of the authority of the auctioneer to sell, and the sale made afterward would pass no title to the purchaser. And if the mare was struck off to the plaintiff, and he heard the

defendant say to the auctioneer that he withdrew the mare from sale, and the statement was made before she was struck off, though the auctioneer may not have heard what was said, the sale made to him, the plaintiff, gave him no right or title to the mare, and you should find for the defendant. If, however, the defendant did not make an effort to withdraw the mare from sale until she was struck off, or if he made such effort, but neither the auctioneer nor the plaintiff heard what was said, and the plaintiff complied with the conditions of the sale, or offered so to do, then the title to the mare passed to the plaintiff, and you should find for him.

"If you find that there was no effort made to withdraw the mare from the sale, or if there was such effort, if neither the plaintiff nor the auctioneer heard what was said, then it will be important for you to consider the conditions of the sale. If the property was sold on condition that the purchaser should give his note with good security, due in six months, with interest, then the title to the mare would not pass to the plaintiff until he tendered to the defendant a note payable in six months, bearing six per cent. interest, or a tender of the amount of the bid in money, and in addition the interest on the amount at six per cent. for the length of the credit to be given. And, if no such tender was made before the bringing of this suit, then the plaintiff can not recover. And though you may find that a tender was made, if it was only for the amount of the bid, and not including interest upon the amount of the bid for the time the credit was to be given, then the tender was not sufficient."

The appellant asked the court to give certain other instructions, which the court refused to give, and the various questions suggested by the instructions given as above, as well as by those refused by the court, are earnestly and elaborately discussed by counsel for the appellant. Numer-

ous authorities are cited to sustain the positions assumed by appellant's counsel in their argument, but the conclusion we have reached renders it unnecessary that we shall enter upon a review of those authorities.

Conceding the alleged sale of the mare in controversy to have been a valid sale, and consequently binding upon the appellee, the appellant was not in any event entitled to the possession of the mare until he tendered to the appellee such a promissory note as the terms of the sale required, or a sum of money equal to the principal and interest which would have been due upon that note at maturity. 2 Parsons Contracts, 642. No such tender as above contemplated was shown by the evidence. There was, hence, a failure of proof on the part of the appellant in a matter material to his right to recover in the action.

As the verdict for this reason was right upon the evidence, we need not inquire whether the court gave the law correctly to the jury in the instructions to them or not. Nor need we set out the instructions refused by the court. The appellant has no reason to complain either of instructions given or of instructions refused to be given, when, by his own evidence, he was shown to be not entitled to a verdict in his favor.

We deem it not amiss, however, to say that we think the court stated the law correctly in its statement as to what was necessary to constitute a sufficient tender in this case, and that in that respect at least the court was sustained by the current of modern authority in the United States.

The judgment is affirmed, with costs.